UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) No.: 3:12-CR-5013 |
| | ) |
| WESLEY R. GARLAND, JR. | ) |

**MEMORANUM AND ORDER**

This matter is before the court on the defendant's *pro se* motion for early termination of supervised release [R. 3]. In support of his motion, defendant states that during his term of supervised release, he has maintained gainful employment, and passed all drug screens. Defendant seeks early termination of supervised release in order to interview for better jobs.

Defendant's probation officer reports that defendant was sentenced by the United States District Court in Waco, Texas, to 130 months imprisonment, followed by five years of supervised release, for conspiracy to distribute marijuana. Defendant began his term of supervised release on March 12, 2012, and his supervision was transferred to the Eastern District of Tennessee on December 12, 2012. Defendant has completed 30 months of his five year term of supervised release. He is 48 years old and lives with his roommate in Louisville, Tennessee. The probation officer confirms that defendant has been gainfully employed since his release, and he has incurred no new arrests while on supervision. All drug screens have been negative. The probation officer adds that

defendant "seems to be an offender [who] has truly taken full responsibility for his actions." Therefore, his probation officer has no objection to early termination of supervised release. The Government has not objected to defendant's motion.

Defendant pled guilty to conspiracy to distribute in excess of 100 kilograms of marijuana, and was sentenced to 130 months imprisonment followed by five years of supervised release. The record shows that defendant has completed more than half of his ordered term of supervised release. He has maintained a stable residence and consistent employment. Defendant moves for early termination of supervised release pursuant to 18 U.S.C. § 3583(e) which provides:

> The court may, after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(6), and (a)(7) –
>
> Terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice.

18 U.S.C. § 3583(e)(1).

After carefully considering the requirements of the statute, the court finds that the relevant portions of 18 U.S.C. § 3583(a) support an early termination of defendant's supervised release. In support of this determination, the court notes that defendant has completed more than one year of his term of supervised release and that defendant is in compliance with the conditions of his release. He has incurred no new arrests while on supervised release. The court also notes that defendant has maintained a stable residence and consistent employment since his release from prison. In addition, his probation

2

officer recommends early termination.  The Government has not opposed the motion.

Accordingly, because the requirements of 18 U.S.C. § 3583(e)(1) have been satisfied, and in light of the lack of any objection by the Probation Office or the Government, the court finds defendant's motion for early termination of supervised release well taken, and it is hereby **GRANTED**.  Defendant's term of supervised release is **TERMINATED.**

The court commends defendant for his efforts to turn his life around, and wishes him success in his future endeavors.

IT IS SO **ORDERED**.

Enter:

_____
**UNITED STATES DISTRICT JUDGE**